ENOCH C. MERRITT, respondent,

v.

PATRICK J. JORDAN, appellant.

[Filed November 18th, 1903.]

1. The object of an exception to a master's report is to specify the objections which the exceptant makes either to the whole report or to particular parts thereof named in the exceptions, with some statement of the grounds on which each exception is based. Exceptions to the whole report which state no reasons for criticism, specify no items of which complaint is made, and mention no particulars wherein the master is alleged to have erred, cannot be entertained.

2. Written evidence noticed to be produced should be presented at the hearing at the time it is called for by the noticing party. A refusal then to produce is a ground of objection to the admission of the same writing, after secondary evidence of its contents has been offered because of such refusal, if the party who withheld it should then offer it.

The order appealed from is affirmed, for the reasons given by Vice-Chancellor Grey in his opinion filed in the court of chancery, as follows:

The bill in this case is filed by the complainant for an accounting and compensation for services rendered by him to the defendant as salesman and collector.

The pleadings in the cause admit the relationship of the parties, the contracts for complainant's services, and the nature of the compensation. The answer insists that the defendant has counter claims sufficient to overcome any compensation to which the complainant might be entitled.

The admitted circumstances of the case justified an order for an accounting. An order of reference was made to Philip S. Scovel, Esquire, one of the special masters of this court, to state an account between the parties concerning the several matters and recited and referred to in the pleadings, giving each party

such credit as under the proofs submitted to said master he might be entitled to have, and debiting each with such contrary charges as might be properly allowable, and ascertaining and reporting to this court the balance by said master found to be due from either of said parties to the other.

The master called the parties before him, examined the witnesses and documentary proofs produced and has made his report, ascertaining that there is a balance due the complainant of $1,119.33. To this report the defendant files the following exceptions:

*First exception.*—To that part of the report which says there is a balance due complainant of $1,119.33.

*Second exception.*—To that part of the report which makes allowance on first agreement.

*Third exception.*—To that part of the report which makes allowance under the second agreement.

*Fourth exception.*—To that part of the report which makes allowance under the third agreement, as to commissions and salary.

*Fifth exception.*—To that part of the report as to errors made by complainant.

*Sixth exception.*—To all and every part of said report.

The object of an exception to a master's report is to specify the objections which the exceptant makes, either to the whole report or to specified parts thereof, with some statement of the grounds on which the exception is based. Exceptions which state no reason for criticism of the whole report, specify no items of which the exceptant complains, and no particulars wherein the master is alleged to have erred, cannot be entertained. *Holcomb* v. *Holcomb, 3 Stock. 282.*

All of the exceptions to this master's report taken by the defendant in this cause are of the most general character. None of them states any reasons or ground of criticism of the master's action.

Chancellor Williamson, in the case above cited, declared that the exceptant "cannot by a general exception impose the burden upon the court of examining every item in the account to detect the error."

The defendant's exceptions, for the reasons stated, must be overruled.

The complainant also excepts to certain specific items of the master's report as follows:

*First exception.*—To all that part of the said report where the said master reports as follows, to wit:

"I find and report that the defendant is entitled to the following named credits against the above-named account of the complainant, viz.:

"Item 1. For cash received by the complainant and not paid over to the defendant, $801.19, less $152.10, leaving still due to the defendant, $649.09.

"Item 2. By merchandise consigned to the complainant by the defendant and not accounted for by the complainant, $842.16.   Total, $1,491.25."

And the said complainant insists that there was no legal evidence produced before the said master to sustain these two items of charge against the said complainant.   Wherefore the said master aforesaid has not reported properly and in accordance with the order of this court, referring the same to him, and with the principles of law and equity.

Upon examining the evidence produced before the master it appears that the defendant, Jordan, was the proprietor of a furniture store and sold goods payable by installments.   The complainant was employed by the defendant under several successive contracts as salesman and also as collector.   It was the practice, recognized and followed by the complainant as well as by the defendant, to keep memoranda of these sales and collections.   These memoranda scarcely arise to the dignity of bookkeeping, as they are extremely crude and imperfect, but they are the only data by which the actual state of the account between the complainant and the defendant can be ascertained, and they are appealed to by both parties as effectual for that purpose.   They are in considerable part made by the complainant himself, or under his direction, and if they are to be appealed to for the purpose of affording evidence of shipments of goods on sales made by the complainant and of collections by him of

Merritt *v.* Jordan.

which he is entitled to commissions, they should be equally admissible to show that goods shipped to complainant were not paid for, and that money proceeds of sales of defendant's goods received by complainant were not by him paid to the defendant.

These items of debit against the complainant's credits for commissions are not wholly dependent upon the book-entries, which are challenged by the complainant. There is other testimony by several witnesses, notably that of the defendant himself, which shows that collections made by the complainant were not returned to the complainant, and that goods shipped to complainant were not paid for, and this situation of affairs is in substance admitted by the complainant. It would therefore be inequitable to reject books used by the complainant to sustain his case when produced to show the defendant's counter claim.

It is claimed on the part of the complainant that the defendant's books were withheld from examination before the master, though notified to be produced and called for on the part of the complainant, so that the complainant was obliged to offer secondary proof and that the subsequent offer of the defendant's books should have been rejected.

The written evidence noticed to be produced should be presented when called for by the party noticing, and a refusal so to produce is a ground of objection to its production after secondary evidence has been put in because of such refusal. But in this case the call by complainant was to produce the books to show the quantity of goods sold and moneys collected by the complainant on which he claimed commissions. It was of these items that secondary proof was made. The subsequent production by the defendant (so far as it is challenged by the exceptions) was not for the purpose of showing less or different sales or collections, but for the purpose of sustaining the defendant's counter claim that moneys are due him for goods shipped to complainant and for money collected but not returned.

The case is exceptional in the difficulties which impede the way to an accurate statement of the account. The items on the books are numbered by thousands. They run in value from twenty cents to fifty dollars. The complainant has appealed to

the defendant's books to sustain his claims to commissions and thus accredits them as to the other items showing goods shipped to complainant and not accounted for by him and cash received by him not returned to the defendant.

The complainant's exceptions should be overruled and an order be made ratifying and confirming the master's report.

As neither party has been successful in sustaining the exceptions taken by him, no costs will be allowed on either set of exceptions.

*Mr. Samuel M. Roberts,* for the complainant.

*Mr. Frederick A. Rex,* for the defendant.

PER CURIAM.

Only those questions presented by the appellant's petition of appeal have been considered by us. No appeal having been taken by the respondent, the alleged errors in the decree, which, as he argues in his brief, were prejudical to him, are not before us for review. The fact that, in his answer to the appellant's petition of appeal, the respondent has declared himself to be aggrieved by these alleged errors, does not justify this court in taking cognizance of them. A party who, considering himself aggrieved by a decree of the court of chancery or any portion thereof, desires to have that decree reviewed by this court must regularly take out and prosecute his appeal in the manner provided by the rules of this court and the court of chancery.

*For affirmance*—THE CHIEF-JUSTICE, DIXON, GARRISON, FORT, GARRETSON, HENDRICKSON, PITNEY, SWAYZE, BOGERT, VOORHEES, VROOM, GREEN, GRAY—13.

*For reversal*—None.